OPINION
{¶ 1} Appellant, Ohio Veterinary Medical Licensing Board ("Board"), appeals from the May 24, 2002 decision and July 31, 2002 judgment entry granting appellee, James W. Harrison, D.V.M., M.S.'s ("Dr. Harrison") motion for attorney fees in the amount of $41,719.50. For the reasons that follow, we reverse.
 {¶ 2} This case arises out of disciplinary proceedings originally initiated by the Board in 1994 concerning Dr. Harrison's treatment of "Bear," a three-year-old male mixed breed dog that presented as acutely lame in both rear legs. On December 19, 2000, this court affirmed the judgment of the Franklin County Court of Common Pleas reversing the decision of the Board to revoke Dr. Harrison's veterinary license. A complete factual history is contained in that opinion. See Harrison v. Ohio Veterinary Medical Licensing Bd. (Dec. 19, 2000), Franklin App. No. 00AP-254. In that opinion, this court determined that the Board failed to show that the court of common pleas abused its discretion in holding that the findings and conclusions adopted by the Board were not supported by reliable, probative, and substantial evidence. In particular, this court agreed with the court of common pleas that there was insufficient evidence that Dr. Harrison knowingly made false representations in a letter to a referring veterinarian.
 {¶ 3} Dr. Harrison's motion for an award of attorney fees pursuant to R.C. 2335.39 was stayed by the court of common pleas pending the outcome of the appeal to this court. On August 17, 2001, the common pleas court conducted a hearing on the motion for attorney fees and, on May 24, 2002, the court filed its decision finding that Dr. Harrison was an eligible party, that there was no evidence that Dr. Harrison engaged in conduct that unduly protracted the appeal, and that the state was not substantially justified in bringing the charges against Dr. Harrison. The court of common pleas awarded attorney fees in the amount of $41,719.50 to Dr. Harrison.
 {¶ 4} The Board appeals, assigning as error the following:
 {¶ 5} 1. "The trial court erred by determining that the appellant was not substantially justified in initiating disciplinary charges against the appellee.
 {¶ 6} 2. "The trial court erred by awarding appellee attorney fees in the amount of $40,719.50."
 {¶ 7} In its first assignment of error, the Board contends that the common pleas court applied the wrong standard in determining whether the Board was substantially justified in initiating the disciplinary proceedings. In essence, the Board argues that the common pleas court looked at the totality of the evidence presented at the administrative hearing level including evidence the Board did not learn until the hearing. The Board posits that the proper course for the reviewing court was to look at the investigation, evidence, and information the Board had in its possession at the time charges were initiated, not after the hearing and appeals were concluded.
 {¶ 8} Dr. Harrison responds that the Board failed to present evidence at the hearing before the common pleas court as to what information it possessed at the time the action was started as opposed to what was presented at the time of hearing before the hearing examiner. In addition, Dr. Harrison contends that to the extent the Board claims it satisfied its burden of proof based on what was in the record of the initial administrative hearing, the common pleas court and this court have already agreed that there was insufficient evidence of a violation. Thus, according to Dr. Harrison, the Board failed to sustain its burden of proving that its position in initiating the disciplinary proceedings was substantially justified.
 {¶ 9} In reviewing the action of the court of common pleas, we may modify the court's order only if we find that the grant of an award, or the calculation of the amount of the award, involved an abuse of discretion. R.C. 2335.39(B)(2)(b).
 {¶ 10} R.C. 2335.39(B) provides that an individual may recover attorney fees if (1) he prevails, (2) he is financially eligible, and (3) the state's position in initiating the matter in controversy was not substantially justified. In re Williams (1992), 78 Ohio App.3d 556, 558. Here, as in Williams, no dispute exists as to whether Dr. Harrison was a prevailing party or whether he was financially eligible; the only issue is whether the Board met its burden of showing that its action against Dr. Harrison was substantially justified. Id.
 {¶ 11} The Board's failure to prevail on the merits does not establish a presumption that its position was not substantially justified. Id., citing Boyle v. Ohio State Med. Bd. (Aug. 7, 1990), Franklin App. No. 89AP-1186. As this court stated in Boyle, "a position may be justified even though it is not correct if there is a genuine pretrial dispute concerning the propriety of the state's action from the facts of the case or the law applicable thereto." Id. (Emphasis added.) Therefore, if the Board's actions were supported by an articulated rationale that a reasonable person, being fully aware of the situation, could find substantially justified, then the Board is substantially justified in bringing the administrative action. In re Williams, at 558. Therefore, we agree with the Board that the proper standard on appeal is to look at the information the Board had in its possession and the investigation the Board conducted at the time the action was initiated in determining whether the Board was substantially justified in initiating the matter.
 {¶ 12} Applying these principals to the present matter, we note that the record on appeal contains a number of items that relate to the information the Board had in its possession prior to initiating proceedings against Dr. Harrison. On November 11, 1994, Steven Schrader, D.V.M., wrote to the Board after performing surgery and examining Bear, who had been referred to The Ohio State University. In the course of the examination and surgery, Dr. Schrader discovered discrepancies between what he found on Bear's body during the surgery and through x-rays on both knees, and what Dr. Harrison had described in his letter to the referring veterinarian. Dr. Schrader telephoned Dr. Harrison and, because of certain answers Dr. Harrison gave on the phone, Dr. Schrader became convinced that Dr. Harrison willfully misled the referring veterinarian, Dr. Kittle, and Bear's owner.
 {¶ 13} Prior to initiating charges, the Board assigned an investigator to the matter who interviewed Dr. Schrader, subpoenaed Dr. Harrison's patient files for Bear, obtained photographs and slides from Dr. Schrader, interviewed and obtained a detailed written statement from Theresa J. Schneider, D.V.M., the veterinary student (now a licensed veterinarian), who assisted Dr. Schrader, interviewed Dr. Harrison, and interviewed the medical transcriptionist who prepared the letters for Dr. Harrison. These documents show that prior to the administrative hearing, the Board had in its possession evidence that Dr. Harrison had not performed the bilateral ruptured anterior cruciate ligament repair he had indicated that he had, and when confronted with this information he indicated the letter was a clerical mistake and that in fact he had performed another type of surgery known as biceps advancement. The investigator followed up and obtained information from Dr. Schneider and Dr. Schrader who indicated that it did not appear that Dr. Harrison had performed the biceps advancement surgery either.
 {¶ 14} Thus, at the time proceedings were initiated against Dr. Harrison, the Board was in possession of evidence that Dr. Harrison did not perform bilateral ruptured anterior cruciate ligament repair, the bicep advancement surgery, or the removal of a torn portion of the medial meniscus. From this evidence, it could be inferred that if Dr. Harrison failed to perform any surgery on Bear and, by extension, that he knowingly misrepresented the surgery he performed on Bear in his follow-up letter to the referring veterinarian.
 {¶ 15} At the administrative hearing level, however, there was competing evidence whether Dr. Harrison failed to perform surgery apart from the incisions on Bear's knees. There was also conflicting evidence regarding whether the surgery Dr. Harrison claimed he performed was appropriate for the patient.
 {¶ 16} Therefore, although the Board ultimately failed to prevail for the reasons stated in the common pleas court decision on the merits of the appeal and in this court's opinion, we conclude that the record demonstrates the Board was substantially justified in initiating the matter in controversy. The record supports the Board's position despite the Board's failure to present evidence at the hearing on attorney fees. Because the common pleas court looked to the entire record of the administrative proceedings and not the information the Board possessed prior to the hearing, we conclude the common pleas court abused its discretion in granting the motion for attorney fees. The first assignment of error is, therefore, well-taken. Having so resolved the first assignment of error in this manner, the second assignment of error is rendered moot.
 {¶ 17} Accordingly, based on the foregoing, the first assignment of error is sustained, the second assignment of error is overruled as moot, and the judgment of the Franklin County Court of Common Pleas is reversed.
Judgment reversed.
BRYANT and BROWN, JJ., concur.