THE STATE BOARD OF PHARMACY, APPELLEE, *v.* WEINSTEIN, APPELLANT.

(No. A8604873—Decided May 20, 1987.)

Court of Common Pleas of Hamilton County.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Yvette M. McGee,* for appellee.

*Geoffrey E. Webster* and *Richard Goldberg,* for appellant.

NIEHAUS, J. On or about March 10, 1986, Woodrow Weinstein, R.Ph. (hereinafter "appellant"), a registered pharmacist for Elmwood Place Pharmacy (hereinafter "Elmwood"), received a notice of hearing from the Ohio State Board of Pharmacy (hereinafter "appellee"), which declared the following allegations against him personally:

"(2) Between the dates of September 7, 1983 and June 20, 1983, Elmwood Place Pharmacy, 6100 Vine Street, Cincinnati, Ohio, did receive in commerce misbranded drugs, hold and offer for sale, and sell misbranded drugs to wit: the following misbranded drugs were purchased from Tri-State Pharmaceutical, 625 N. Wayne, Cincinnati, Ohio in place of prescription vials and were dispensed to patients pursuant to written or oral prescriptions.

| "DATE | DRUG | QUANTITY |
| --- | --- | --- |
| 09/07/83 | Triflouperazine 10 | 1D |
| 10/12/83 | Spironolactone/HCTZ | 1 X 1000 |
| 11/10/83 | Spironolactone 25 mg. | 1 X M |
| 11/10/83 | L-Thyroxin .1 mg. | 1 X M |

| "DATE | DRUG | QUANTITY |
|---|---|---|
| 11/16/83 | Norgesic Forte | 1D |
| 12/20/83 | Asendin 50 | 1 X 500 |
| 02/16/84 | Norgesic Forte | 1D |
| 03/16/84 | Norgesic Forte | 1D |
| 04/19/84 | Asendin 50 | 1D |
| 04/29/84 | Tri-Hemil 600 | 10 X 30 |
| 05/09/84 | Asendin 50 | 1D |
| 06/12/84 | Asendin 50 | 2 X 500 |
| 07/02/84 | Norgesic Forte | 3C |
| 01/18/85 | Minocin 50 | 2 X 100 |
| 01/18/85 | Minocin 100 | 4 X 50 |
| 06/20/85 | Carbam 180 | 1 X 100 |
| 06/20/85 | Carbam 60 | 1 X 100 |

"Such conduct is in violation of Ohio Revised Code Section 3715.64(A) and is prohibited by Section 3715.52 of the Ohio Revised Code."

On or about March 13, 1986, appellant requested a hearing in response to appellee's allegations. On April 24, 1986, a hearing was held at the State Pharmacy Board, 655 Front Street, Columbus, Ohio in response to appellant's request. On June 9, 1986, appellee issued an order under R.C. Chapter 119, finding appellant received, held, offered for sale and sold misbranded drugs.

Such order declared that the conduct of appellant constituted gross immorality and dishonesty in the practice of pharmacy. Appellee's order further found the actions of appellant to be willful violations of R.C. Chapter 3715. Appellee's order suspended appellant's pharmacist identification card for twelve months and imposed a monetary penalty of $4,000. Appellee further declared that this twelve-month suspension would be suspended on the condition that appellant not violate any drug laws or board rules.

On June 23, 1986, appellant timely appealed appellee's order to the Hamilton County Court of Common Pleas pursuant to R.C. 119.12. Appellant's notice of appeal declared the basis of such appeal to be the failure of appellee's order to be supported by reliable, probative and substantial evidence and to be in accordance with law.

On June 27, 1986, appellant moved the court of common pleas to order a stay of appellee's order. At such time, the court ordered appellee's order stayed pending a decision by the court on appellant's appeal.

On February 3, 1987, the court of common pleas found appellee's order not to be supported by reliable, probative and substantial evidence and not in accordance with law. This court specifically found the record upon which appellee's order was based only "disclosed conjectural evidence, which consisted entirely of self-serving statements, unsupported by any reliable direct evidence * * *." This court also found there was no reliable, probative and substantial evidence on record supporting the following rulings which were made in appellee's order:

(1) that Elmwood did purchase misbranded drugs and plastic prescription vials from Tri-State Pharmaceutical and dispensed such drugs to patients pursuant to written or oral prescriptions;

(2) that appellant violated R.C. 3715.64(A) or 3715.52; and

(3) that appellant engaged in any conduct which would have constituted gross immorality or dishonesty in the practice of pharmacy.

Based on these findings, this court reversed appellee's order and ordered appellee to pay costs in the instant matter.

The instant cause came to be heard on appellant's motion for an award of attorney fees brought under R.C. 2335.39, filed February 2, 1987. This motion was filed pursuant to the findings by this court in its February 3, 1987 order which has been enumerated above. R.C. 2335.39 provides that an individual whose net worth does not exceed one million dollars at the time the appeal is filed, and who prevails as a party to an appeal involving the state, is entitled upon filing an appropriate motion to compensation for attorney fees incurred by him in connection with such appeal. Pursuant to this statutory provision, an award of attorney fees to such a prevailing, eligible party can only be denied by a court if it determines that:

(1) "the state has sustained its burden of proof that its position in initiating the matter in controversy was substantially justified or that special circumstances make an award unjust," or

(2) "the state has sustained its burden of proof that the prevailing eligible party engaged in conduct during the course of the action or appeal that unduly and unreasonably protracted the final resolution of the matter in controversy * * *." R.C. 2335.39 (B)(2)(a) and (b). R.C. 2335.29 (B)(2)(b) also provides such court with the discretion to reduce an otherwise merited award based on the extent of such protracted conduct.

After considering the foregoing, the entire record, memoranda filed by counsel for both parties, and the arguments of counsel, this court hereby makes the following findings and conclusions:

(1) appellant's motion for attorney fees meets all of the requirements of R.C. 2335.39 by

(a) identifying appellant;

(b) indicating appellant is the prevailing eligible party and is entitled to receive an award of compensation for fees (he prevailed in case No. A8604873 with net worth less than one million dollars);

(c) including a statement that appellee's position in initiating the matter in controversy was not justified;

(d) indicating the amount sought ($3,371.25) as an award; and

(e) itemizing all fees sought in the requested award.

(2) Appellee failed to meet its burden of proving under R.C. 2335.39 that its position in initiating the matter in controversy was substantially justified. As this court previously stated, the record below disclosed only conjectural evidence which consisted entirely of self-serving statements. This court finds that the substantial justification language of R.C. 2335.39(B)(2) requires appellee to prove by the preponderance of the evidence that it was substantially probable that evidence in appellee's possession would lead to a finding of a legal violation committed by appellant as stated in appellee's notice of hearing. "Substantially probable" in this context requires greater proof than a showing of probable cause; the state to meet the substantial justification standard must demonstrate that it had sufficient material and essential evidence in support of all of the necessary elements of the offense charged, and that based on that evidence it was reasonable to believe that it was more likely than not (*i.e.*, substantially probable), and not just possible, that reasonable minds could

make a finding of a legal violation by a preponderance of that evidence.

This standard requires the state to move cautiously, to consider the state of the evidence in its possession or available to it as to all the necessary elements of the offense charged. The state must consider the weight of the evidence in support of its case in light of its perception of the totality of the evidence, which includes evidence perceived by the state to be exculpatory of any violation on the part of the alleged violator. Based thereon, the state must be substantially convinced that, considering the totality of the evidence, reasonable minds could, more likely than not, find the alleged violator guilty by a preponderance of the evidence.

(3) Appellee failed to meet its burden of proof that special circumstances made an award unjust. Special circumstances under R.C. 2335.39 would only involve extraordinary situations where an exception to the general right of a prevailing party's award of attorney fees would be invoked to prevent manifest injustice.

(4) No allegation was even made by appellee that appellant engaged in conduct during the course of this action that unduly and unreasonably protracted the final resolution of the matter in controversy. As a result, the burden of proof must be found to again have not been met.

(5) Pursuant to the findings made in paragraphs 1 through 4 above, this court grants appellant an award of attorney fees as requested by appellant in the amount of $3,371.25. This court finds that this requested award is clearly reasonable in amount for the number of hours incurred by appellant's counsel. This court finds that for this kind of administrative action/appeal and counsel who are specialized and experienced in such practice, one hundred dollars per hour would constitute a reasonable rate of attorney fees. As a result, appellant's counsel's request for $3,371.25 for 35.25 hours of legal work is found to be reasonable as documented.

Pursuant to R.C. 2335.39(D), this court grants appellant, a party appealing an agency adjudication order pursuant to R.C. 119.12, $3,371.25 as attorney fees incurred in this appeal and (as requested in appellant's motion) in the adjudication hearing conducted under R.C. Chapter 119.

*Motion granted.*