OPINION
{¶ 1} Appellant, Linden Medical Pharmacy ("Linden"), appeals from the judgment of the Franklin County Court of Common Pleas denying appellant's motion for attorney fees. For the following reasons, we reverse and remand
 {¶ 2} On October 15, 1996, an inspection of Linden, a licensed "terminal distributor of dangerous drugs," revealed that over 80,000 units of drugs were missing from the pharmacy. In response to this inspection, appellee, Ohio State Board of Pharmacy ("Board"), sent Linden a notice of opportunity, in which the Board informed Linden that it may take disciplinary action against Linden for: (1) knowingly selling controlled substances in amounts exceeding 50 times the bulk amount in violation of R.C. 2925.03; (2) knowingly selling a controlled substance in amounts exceeding five times the bulk amount, but not exceeding 50 times the bulk amount, in violation of R.C. 2925.03; (3) failing to keep a record of all controlled substances received or dispensed in violation of R.C. 3719.07 and Ohio Adm. Code 4729-9-14; (4) failing to provide effective and approved controls and procedures to guard against theft and diversion of dangerous drugs in violation of Ohio Adm. Code 4729-9-05; and (5) failing to possess a copy of current federal and state laws, regulations, and rules governing the legal distribution of drugs in violation of Ohio Adm. Code 4729-9-02.
 {¶ 3} After a hearing on these allegations, a hearing examiner found that the evidence supported each allegation in the notice of opportunity and recommended that the Board revoke Linden's license. On May 5, 1999, the Board adopted the hearing examiner's order, thereby revoking Linden's license.
 {¶ 4} Linden appealed the Board's order to the trial court. In its May 19, 2000 decision, the trial court determined that reliable, probative and substantial evidence supported the third, fourth and fifth charges, thus affirming the findings of fact that Linden failed to keep a record of all controlled substances received or dispensed, that Linden failed to provide effective and approved safeguards against theft of controlled substances, and that Linden did not possess a copy of current drug laws. However, the trial court concluded that the first and second charges — that Linden knowingly sold controlled substances in violation of R.C. 2925.03 — were not supported by reliable, probative and substantial evidence. Thus, because it had found that the "perhaps most egregious" charges were unsubstantiated by the record, the trial court concluded that remand for a redetermination of the penalty was appropriate.
 {¶ 5} Linden then appealed the trial court's decision to this court, arguing that the record did not support the third, fourth and fifth charges.[1] In a decision issued May 8, 2001, we agreed with Linden that the record did not support the third charge — that Linden failed to keep a record of all controlled substances received or dispensed. Linden Medical Pharmacy, Inc. v. Ohio State Bd. of Pharmacy
(May 8, 2001), Franklin App. No. 00AP-641. Therefore, we concluded that the trial court abused its discretion in affirming that part of the Board's order. However, we disagreed with the remainder of Linden's argument and, thus, we held that the trial court did not abuse its discretion in finding that substantial, reliable and probative evidence supported the fourth and fifth charges. We then ordered the trial court to remand the matter so that the Board could impose an appropriate penalty based only upon the charges surviving the appeal.
 {¶ 6} After the trial court remanded the matter to the Board, a hearing examiner again recommended the revocation of Linden's license. On December 5, 2001, the Board adopted the hearing examiner's order, thus revoking Linden's license for a second time.
 {¶ 7} After this second revocation, the trial court addressed Linden's pending motion for attorney fees pursuant to R.C. 119.12 and2335.39. Because the ultimate result of the matter against Linden was adverse to Linden, the trial court concluded that Linden was not a "prevailing party" and, thus, it was not entitled to attorney fees. Linden then appealed this judgment.
 {¶ 8} On appeal, Linden assigns the following errors:
[1.] The Common Pleas Court erred and abused its discretion in denying Linden's motion for attorneys' fees because Linden is a prevailing party entitled to an award of attorneys' fees pursuant to R.C. 119.12 and2335.39.
[2.] The Common Pleas Court erred and abused its discretion in denying Linden's motion for attorneys' fees because the state cannot meet its burden of proving that its charges regarding the sale of controlled substances were "substantially justified."
[3.] The Common Pleas Court erred and abused its discretion in denying Linden's motion for attorneys' fees because the state cannot meet its burden of proving that its charge regarding the alleged record-keeping violation was "substantially justified."
[4.] The Trial Court misapplied the test for determining whether the state was substantially justified in bringing the violations against Linden, where the trial court improperly combined this test with its analysis of Linden's prevailing party status.
 {¶ 9} By its first assignment of error, Linden argues that it is a "prevailing party" and, thus, it is entitled to attorneys' fees pursuant to R.C. 119.12 and 2335.39.
 {¶ 10} Generally, an award of attorneys' fees must be predicated upon statutory authority. Collyer v. Broadview Dev. Ctr. (1992),81 Ohio App.3d 445, 448. According to R.C. 119.12, a trial "court shall award compensation for fees in accordance with section 2335.39 of the Revised Code to a prevailing party * * * in an appeal filed pursuant to this section." Likewise, R.C. 2335.39 provides that "[e]xcept as provided in divisions (B)(2) and (F) of this section * * * the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal." R.C. 2335.39(B)(1).
 {¶ 11} Pursuant to R.C. 2335.39(A)(5), a "prevailing eligible party" means "an eligible party that prevails in an action or appeal involving the state." An "eligible party" includes "a party to an action or appeal involving the state, other than" a corporation that, at the time that the action or appeal was filed, had a net worth exceeding $5 million or employed more than 500 persons. R.C. 2335.39(A)(2).
 {¶ 12} Once a motion is filed pursuant to the requirements of R.C.2335.39, the trial court "shall review the request for the award of compensation for fees and determine whether the position of the state in initiating the matter in controversy was substantially justified, whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the action or appeal that unduly and unreasonably protracted the final resolution of the matter in controversy." R.C. 2335.39(B)(2). Based upon the trial court's findings after its review of the prevailing eligible party's motion, it may deny or reduce the amount of an award. Id.
 {¶ 13} Thus, under the procedure provided in R.C. 2335.39, when presented with a motion for attorney fees, a trial court must first determine whether or not the movant is a "prevailing eligible party." In the case at bar, the Board first argues that Linden failed to assert before the trial court that it was an "eligible party." This argument is unavailing. Our review of the record reveals that Linden asserted in its motion for attorney fees that it was an eligible party, as it neither had a net worth exceeding $5 million nor employed more than 500 people at the time the action or appeal was filed.
 {¶ 14} Second, the Board argues that Linden is not entitled to its fees because it is not a "prevailing party." Linden acknowledges that it did not obtain a complete reversal of the Board's order, but, nevertheless, Linden argues that a complete victory is not necessary for it to obtain prevailing party status. Linden bases this argument uponKorn v. Ohio State Medical Bd. (1991), 71 Ohio App.3d 483, the only Ohio case addressing whether a movant for attorney fees under R.C. 119.12 and2335.39 is a "prevailing party" when it does not achieve a total reversal of an administrative board order.
 {¶ 15} In Korn, a physician's license was revoked by the State Medical Board of Ohio after the Medical Board concluded that the evidence supported four charges of misconduct. On appeal, the trial court concluded that no reliable, probative and substantial evidence supported three of the four charges, and reversed the order in large part. Additionally, the trial court remanded the matter to the Medical Board for further consideration of the appropriate penalty.
 {¶ 16} After this court affirmed the trial court's decision, the physician brought a motion for attorneys' fees pursuant R.C. 119.12 and2335.39. The trial court denied the physician's motion, finding that the physician was not a "prevailing party" because he did not win a complete victory. On appeal to this court, we concluded that:
A party who appeals an order or judgment and prevails to the extent that he obtains a new trial, or a modification of the judgment, is a "prevailing party" within the contemplation of R.C. 2335.39. There is nothing in that section that requires a finding that a prevailing party on an appeal is limited to one who succeeds in having a "complete victory," which presumably means having the entire matter determined in his favor without a remand to the tribunal from which the appeal is taken for further proceedings.
Id., at 487.
 {¶ 17} The Ohio Supreme Court approved the holding of Korn inParker v. IF Insulation Co. (2000), 89 Ohio St.3d 261, 264-265, in which a plaintiff sought attorney fees pursuant to the Consumer Sales Practices Act ("CSPA"). Like R.C. 2335.39, R.C. 1345.09(F) of the CSPA provides that a "prevailing party" can recover attorney fees. CitingKorn, the Supreme Court held that a party "prevails" on appeal "if it obtains a substantial modification of the trial court's judgment."Parker, supra, at 265.
 {¶ 18} Therefore, pursuant to Korn and Parker, Linden is a "prevailing party" if it obtained a "substantial modification" of the Board's order. Here, as in Korn, Linden achieved both a reversal of multiple charges and a remand of the matter to the Board to impose an appropriate sanction. The Board, however, argues that Korn is not like the case at bar because, in Korn, the only charge remaining after the appeal of the Board order was a "single, somewhat minor, charge." Korn, supra, at 488. The Board asserts that the charges remaining after Linden's appeal were serious, not minor, charges.
 {¶ 19} We agree with the Board that the charges remaining against Linden after its initial appeal, particularly the charge that it failed to safeguard against theft, are serious charges. Nevertheless, we disagree with the Board's argument. When determining whether an administrative board's order is "substantially modified," we must, in part, examine the totality of the charges, and assess the gravity and number of the charges reversed compared to the charges remaining. InKorn, we stated that the charge remaining was "somewhat minor" incomparison to "the gravity of the ones with respect to which the common pleas court expressly reversed the findings of the board." Id. Consequently, a party may still be considered a "prevailing party" even though serious charges remain after appeal, as long as those charges are relatively less serious than those reversed.
 {¶ 20} Here, as the trial court recognized, it reversed the "perhaps most egregious" charges — that Linden knowingly sold controlled substances in violation of R.C. 2925.03. Based upon its reversal of these charges, the trial court determined that remand to the Board for a redetermination of the sanction was necessary. In the appeal to this court, we determined that the record did not support another serious charge — that Linden failed to keep a record of all controlled substances received and dispensed. Further, we concurred with the trial court that a remand to the Board was necessary for a redetermination of the sanction.
 {¶ 21} Notably, the charges reversed were all based upon the unsupported allegation that Linden and/or its employees engaged in the wrongful, knowing conduct of selling controlled substances in violation of R.C. 2925.03. Conversely, the more serious remaining charge — that Linden inadequately supervised its controlled substances — was based upon Linden's admitted negligent conduct of failing to prevent an employee from stealing drugs. Thus, in comparing the charges, we conclude that Linden prevailed upon the more serious charges, i.e., those involving affirmative wrongful acts, but lost on the less serious charges, i.e., those involving negligent wrongful acts.
 {¶ 22} However, even if a party succeeds upon the more serious charges, it is not a "prevailing party" unless the board-imposed sanction is also "substantially modified." Here, by remanding the underlying matter to the Board, the trial court and this court vacated the Board's initial order. Thus, the remand "substantially modified" the Board's order. Accordingly, because Linden prevailed upon the more serious charges against it and the initial sanction against Linden was vacated, we conclude that Linden is a "prevailing party."
 {¶ 23} Parenthetically, we note that the remand to the Board for a redetermination of the sanction distinguishes this case from Landefeldv. State Medical Bd. of Ohio (June 15, 2000), Franklin App. No. 99AP-612, in which a board-sanctioned physician argued that, because he was a "prevailing party," the trial court erred in ordering him to pay the costs for his appeal. According to Civ.R. 54(D), costs are allowed to the "prevailing party" unless the court otherwise directs. On appeal to the trial court, the physician had succeeded in his argument that three of the charges against him were not supported by reliable, substantial and probative evidence. Thus, the physician argued he was a "prevailing party." However, this court rejected the physician's argument because the trial court did not alter the sanction the Board imposed or remand the matter for a redetermination of the sanction. In other words, the physician "did not prevail on the main issue of his appeal inasmuch as the essential impact of the board's order remained the same following the trial court's review." Id.
 {¶ 24} Unlike the order in Landefeld, the Board's initial order revoking Linden's license did not survive the review of the trial court or this court. Consequently, while the Board's order in Landefeld was not "substantially modified," the initial order at issue here was. Thus, contrary to the Board's argument, Landefeld is not controlling here.
 {¶ 25} Finally, the Board also argues that Linden is not a "prevailing party" because, on remand, the Board again revoked Linden's license. This argument is unavailing. As we stated above, R.C.2335.39(A)(5) defines a "prevailing party" as a party that "prevails in an action or appeal involving the state." (Emphasis added.) Although Linden's license was ultimately revoked, this revocation has no bearing upon Linden's success on appeal.
 {¶ 26} Accordingly, we sustain Linden's first assignment of error to the extent that it asserts that Linden is a "prevailing party." We overrule Linden's first assignment of error to the extent that it asserts that a "prevailing party" is entitled to attorney fees without a determination of whether the Board was "substantially justified" in initiating the matter in controversy or a determination of whether special circumstances make an award unjust.
 {¶ 27} We next address Linden's fourth assignment of error, by which Linden argues that the trial court did not conduct a proper inquiry into whether the Board was "substantially justified" in initiating the underlying controversy.
 {¶ 28} In order to determine whether an administrative board was "substantially justified," a court must "look at the information the Board had in its possession and the investigation the Board conducted at the time the action was initiated." Harrison v. Ohio Veterinary MedicalLicensing Bd., Franklin App. No. 02AP-955, 2003-Ohio-3816, at ¶ 11. If the Board's action was based upon a rationale supported by evidence that a reasonable person could find substantially justified, then the Board is "substantially justified" in bringing the administrative action. Id.
 {¶ 29} In the case at bar, the trial court did not determine whether or not the Board was "substantially justified" in initiating an action against Linden. Rather, the trial court only concluded that Linden was not a "prevailing party" and, based upon this latter determination, held that Linden was not entitled to attorney fees pursuant to R.C. 119.12
and 2335.39. Because we have concluded that Linden is a "prevailing party," we must remand this matter so that the trial court can conduct a factual inquiry into whether the Board can sustain its burden of proving that it was "substantially justified" in initiating the underlying matter and/or that special circumstances make an award of attorney fees unjust. R.C. 2335.39(B)(2).
 {¶ 30} Accordingly, because a remand is necessary, we sustain Linden's fourth assignment of error to the extent that it asserts that the trial court failed to determine whether the Board was "substantially justified" in initiating the underlying matter.
 {¶ 31} By Linden's second and third assignments of error, it argues that the Board was not "substantially justified" in initiating against Linden the three charges reversed on appeal. As the trial court has yet to address this issue, we conclude that these two assignments of error are moot.
 {¶ 32} For the foregoing reasons, we sustain in part and overrule in part Linden's first assignment of error. We sustain Linden's fourth assignment of error, and overrule Linden's second and third assignments of error as moot. The judgment of the Franklin County Court of Common Pleas denying Linden attorney fees is reversed, and this matter is remanded to the trial court for further proceedings in accordance with law and this opinion.
Judgment reversed and case remanded.
Bowman and Watson, JJ., concur.
[1] Notably, the Board did not file a cross-appeal challenging the trial court's reversal of the first and second charges.