GILMORE, Appellee,

v.

OHIO STATE DENTAL BOARD, Appellant.

[Cite as *Gilmore v. Ohio State Dental Bd.*, 161 Ohio App.3d 551, 2005-Ohio-2856.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040068.

Decided June 10, 2005.

552

John D. McClure, for appellee.

Jim Petro, Ohio Attorney General, Lawrence D. Pratt, and Mary K. Crawford, Assistant Attorneys General, for appellant.

Doan, Presiding Judge.

{¶ 1} Defendant-appellant Ohio State Dental Board filed a disciplinary action against plaintiff-appellee Stephen Gilmore, alleging that he had obtained or attempted to obtain "money or anything of value by intentional misrepresentation or material deception in the course of practice," in violation of R.C. 4715.30(A)(2). On July 29, 1999, the board sent Gilmore a notice of an opportunity for a hearing. Gilmore requested a hearing, which was held May 11, 2000. The hearing examiner found that Gilmore had violated R.C. 4715.30(A)(2) and recommended that his license to practice dentistry be indefinitely suspended. In its adjudication order of August 9, 2000, the board modified the hearing examiner's recommendation and ordered that Gilmore's license be suspended for 90 days, with 30 of the 90 days conditionally stayed.

{¶ 2} Gilmore appealed the board's order to the Hamilton County Court of Common Pleas. A common pleas court magistrate reversed the board's adjudication order, finding that it was not supported by reliable, probative, and substantial evidence and was not in accordance with law. The trial court adopted the magistrate's decision. The board appealed to this court, and we affirmed the trial court's judgment.

{¶ 3} Gilmore filed a motion in the trial court for attorney fees pursuant to R.C. 2335.39, which provides that an eligible prevailing party is entitled to recover fees expended in an R.C. 119.12 appeal of an agency's order. Along with his motion for attorney fees, Gilmore filed an affidavit stating that he was an eligible party. A prevailing party is eligible for attorney fees if his net worth does not exceed $1,000,000 and the net worth of his business does not exceed $5,000,000.

{¶ 4} R.C. 2335.39(B)(2) states that when a motion for attorney fees is filed, "the court shall review the request for the award of compensation for fees and determine whether the position of the state in initiating the matter in controversy was substantially justified." If the position of the state in initiating the matter in controversy was substantially justified, the prevailing party is not entitled to recover attorney fees and the trial court must deny the motion. "[T]he state has the burden of proving that its position in initiating the matter in controversy was substantially justified." R.C. 2335.39(B)(2).

{¶ 5} During the hearing on Gilmore's motion for attorney fees, the board attempted to introduce evidence that it claimed supported its contention that it had had substantial justification to charge Gilmore with violations of R.C. 4715.30(A)(2). The documents had been in the board's possession at the time the notice of an opportunity for a hearing had been issued. For various reasons, including the inability of the complaining patient to travel from England to the

United States for the administrative hearing, the evidence had not been admitted during Gilmore's hearing before the board. The board argued that the evidence proved that it had had substantial justification to initiate the Gilmore matter. The board also submitted the affidavit of its investigator/enforcement officer to authenticate the evidentiary documents.

{¶ 6} The magistrate refused to consider the evidence submitted by the board, determining that only the record from the administrative hearing could be considered in ruling on Gilmore's motion for attorney fees. The magistrate ordered the documents sealed, stating that he was receiving them only for the purposes of appeal and that he would not consider them because they "were not part of the 'record' in this case." The magistrate then determined, quoting *State Bd. of Pharmacy v. Weinstein* (1987), 33 Ohio Misc.2d 25, 27–28, 514 N.E.2d 1143, that the phrase "substantially justified" in R.C. 2335.39(B)(2) required the board to prove that " 'it was substantially probable that evidence in [the board's] possession would lead to a finding of a legal violation committed by [Gilmore] as stated in [the board's] notice of hearing. "Substantially probable" in this context requires greater proof than a showing of probable cause; the state to meet the substantial justification standard must demonstrate that it had sufficient material and essential evidence in support of all of the necessary elements of the offense charged, and that based on that evidence it was reasonable to believe that it was more likely than not (i.e. substantially probable), and not just possible, that reasonable minds would make a finding of a legal violation by a preponderance of that evidence.' "

{¶ 7} The magistrate granted Gilmore's motion for attorney fees, determining that under the *Weinstein* standard the board had failed to show substantial justification. The board objected to the magistrate's decision. The trial court overruled the board's objections and adopted the magistrate's decision. The trial court determined that the magistrate was correct in considering only the record of the administrative hearing in ruling on Gilmore's motion. The court also held that the board was not entitled to an evidentiary hearing under R.C. 2335.39. The court upheld the magistrate's application of the *Weinstein* standard in determining whether the board had proved substantial justification. The board has now appealed.

{¶ 8} We first address the board's third assignment of error, which alleges that the trial court erred in applying the *Weinstein* standard in determining whether the board had proved that it was substantially justified in initiating the matter in controversy. The trial court held that *Weinstein* required "greater proof than a showing of probable cause" and that pursuant to *Weinstein,* the board had to demonstrate that it had "sufficient material and essential evidence in support of all the necessary elements of the offense charged, and that based on

that evidence it was reasonable to believe that it was more likely than not (i.e. substantially probable), and not just possible, that reasonable minds would make a finding of a legal violation by a preponderance of that evidence."

{¶ 9} In *Haghighi v. Moody*, 152 Ohio App.3d 600, 2003–Ohio–2203, 789 N.E.2d 673, citing *Collyer v. Broadview Dev. Ctr.* (1992), 81 Ohio App.3d 445, 611 N.E.2d 390, we stated, "R.C. 2335.39 is Ohio's version of the Federal Equal Access to Justice Act." In addressing the meaning of "substantially justified" under the federal· act, the United States Supreme Court stated, "We are of the view, therefore, that as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Pierce v. Underwood* (1988), 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490.

{¶ 10} " '[A] position may be justified even though it is not correct if there is a genuine pretrial dispute concerning the propriety of the state's action from the facts of the case or the law applicable thereto. * * * If a reasonable person, knowledgeable in the area of law, believes that the state's position is correct, then the substantially justified standard has been met.' * * * Hence, if the 'board's actions were supported by an articulated rationale that a reasonable person, being fully aware of the situation, could find substantially justified,' then the board is substantially justified in bringing the administrative action." *In re Williams* (1992), 78 Ohio App.3d 556, 558, 605 N.E.2d 475, quoting *Boyle v. Ohio State Med. Bd.* (Aug. 7, 1990), 10th Dist. No. 89AP–1186, 1990 WL 113575; see, also, *Linden Med. Pharmacy, Inc. v. Ohio State Bd. of Pharmacy*, 10th Dist. No. 02AP–1234, 2003-Ohio-6657, 2003 WL 22927377; *Warren's Eastside Auto Sales v. Ohio Dept. of Pub. Safety*, 11th Dist. No. 2002–T–0098, 2003-Ohio-5702, 2003 WL 22427914; *Harrison v. Ohio Veterinary Med. Licensing Bd.*, 10th Dist. No. 02AP–955, 2003-Ohio-3816, 2003 WL 21666397; *James v. Ohio Counselor & Social Worker Bd.* (Nov. 25, 1997), 7th Dist. No. 96–CO–65, 1997 WL 778826.

{¶ 11} We hold that the trial court erred in requiring "greater proof than a showing of probable cause" in determining whether the board was substantially justified in initiating the matter in controversy. The test to be used is whether the board's action in initiating the matter in controversy was based upon an articulated rationale supported by evidence from which a reasonable person could find that the board was substantially justified. If so, then the board's action was substantially justified. See id. The third assignment of error is sustained.

{¶ 12} The board's first assignment of error alleges that the trial court erred in refusing to consider the evidence that the board had in its possession at the time the notice of an opportunity for a hearing was issued and in determining that the board was limited to the evidence in the record of the administrative hearing in proving that it had substantial justification to initiate the Gilmore matter.

{¶ 13} The intent of the attorney-fees subsection of R.C. 2335.39 is to protect citizens from unjustified state action and to censure frivolous government action. See *State ex rel. R.T.G., Inc. v. Ohio*, 98 Ohio St.3d 1, 2002–Ohio–6716, 780 N.E.2d 998; *Malik v. State Med. Bd.* (Sept. 28, 1989), 10th Dist. No. 88AP–741, 1989 WL 112346. The issue is whether the board had good reason to bring the action in the first instance. See id.

{¶ 14} "In order to determine whether an administrative board was 'substantially justified,' a court must 'look at the information the Board had in its possession and the investigation the Board conducted at the time the action was initiated.'" *Linden Med. Pharmacy, Inc. v. Ohio State Bd. of Pharmacy*, supra, 10th Dist. No. 02AP–1234, 2003-Ohio-6657, 2003 WL 22927377, at ¶ 28, quoting *Harrison v. Ohio Veterinary Med. Licensing Bd.*, supra, Franklin App. No. 02AP–955, 2003-Ohio-3816, 2003 WL 21666397, at ¶ 11.

{¶ 15} "To initiate" means to commence an action, not to continue a proceeding already begun. See *State ex rel. Ohio Dept. of Health v. Sowald*, 65 Ohio St.3d 338, 1992–Ohio–1, 603 N.E.2d 1017. In *Sowald*, the Ohio Department of Health ("ODH") issued a notice letter to a nursing home operator on October 26, 1987, stating that ODH intended to decertify the home after annual certification surveys had revealed Medicaid deficiencies. Subsequently, a resurvey of the nursing home showed that the home had been brought into substantial compliance with the certification requirements. The Ohio Supreme Court held that the October 26, 1987 letter was the initiation of the matter in controversy and that the resurveys were merely a continuation of the process.

{¶ 16} In deciding a motion for attorney fees pursuant to R.C. 2335.39, the trial court must rely on the investigation, evidence, and information an administrative board had in its possession at the time it initiated the charges and not upon evidence introduced during or after the administrative hearing. See *Warren's Eastside Auto Sales v. Ohio Dept. of Public Safety*, supra, 11th Dist. No. 2002–T–0098, 2003-Ohio-5702, 2003 WL 22427914. In *Warren's Eastside Auto Sales*, prior to the administrative hearing, the Ohio Department of Public Safety possessed evidence that Warren's owner had been convicted of three crimes involving the sale of motor vehicles. The Eleventh Appellate District held that in determining whether the owner was entitled to attorney fees under R.C.

2335.39, the trial court could not consider evidence that the convictions were later vacated. The trial court had to consider the evidence the administrative board possessed when it initiated the action by notifying the owner that his convictions could result in the revocation of his motor vehicle dealer's license.

{¶ 17} In this case, we hold that the board initiated the matter in controversy on July 29, 1999, when it sent Gilmore the notice of opportunity for a hearing. Any proceedings occurring after that time constituted a continuation of the matter in controversy, not its initiation. The trial court was required to consider the information the board had in its possession at the time it issued the notice of an opportunity for a hearing.

{¶ 18} The trial court erred in refusing to consider the evidence the board had in its possession at the time it issued the notice of an opportunity for a hearing and in limiting the board to the evidence contained in the record of the administrative hearing to prove that it had substantial justification to initiate the Gilmore matter. The first assignment of error is sustained.

{¶ 19} The second assignment of error alleges that the trial court erred in failing to hold an evidentiary hearing to determine whether the board was substantially justified in initiating the Gilmore matter.

{¶ 20} The board had the burden to prove that it was substantially justified in initiating the matter in controversy. R.C. 2335.39(B)(2); see *State ex rel. R.T.G., Inc. v. Ohio,* supra. The trial court erroneously refused to allow the board to present the evidence it had in its possession at the time it issued the notice of opportunity for a hearing.

{¶ 21} We hold that the board was prejudiced by the lack of an evidentiary hearing because it was denied the opportunity to present the evidence it possessed when it issued the notice of an opportunity for a hearing and, therefore, that the board was denied any opportunity to show that it was substantially justified in initiating the matter in controversy. See *In re Williams,* 78 Ohio App.3d 556, 605 N.E.2d 475; *Linden Med. Pharmacy, Inc. v. Ohio State Bd. of Pharmacy,* 10th Dist. No. 02AP–1234, 2003-Ohio-6657, 2003 WL 22927377. The second assignment of error is sustained.

{¶ 22} The fourth assignment of error, which alleges that the trial court erred in finding that the board did not dispute that Gilmore was an eligible party under R.C. 2335.39(A)(2), is sustained because the board specifically challenged whether Gilmore was an eligible party in its memorandum opposing Gilmore's motion for attorney fees.

{¶ 23} The fifth assignment of error, which alleges that the trial court erred in finding that the board did not request the court to admit additional evidence, is sustained pursuant to our disposition of the first and second assignments of error,

in which we have concluded that the trial court erred in refusing to allow the board to present the evidence that was in its possession at the time it sent Gilmore the notice of opportunity for a hearing.

{¶ 24} The judgment of the trial court is reversed, and the cause is remanded for the trial court to determine, applying the test for substantial justification set forth in this decision, whether the board was substantially justified in initiating the matter in controversy in light of the evidence the board had in its possession at the time it issued Gilmore the notice of opportunity for a hearing, and for any further proceedings consistent with law and this decision.

Judgment reversed
and cause remanded.

GORMAN and PAINTER, JJ., concur.