OPINION
{¶ 1} Appellant, Ronald J. Richter, appeals from a judgment of the Franklin County Court of Common Pleas denying him an award of attorney fees under R.C. 2335.39. For the following reasons, we affirm. *Page 2 
 {¶ 2} In early 1994, Richter, then a licensed physician, admitted to taking fentanyl from a hospital pharmacy, using the fentanyl, and then falsely documenting that he had administered the fentanyl to his patients. Richter pled guilty to criminal charges resulting from his actions and entered into a treatment program. Upon learning of Richter's indictment on drug-related charges, the State Medical Board of Ohio ("Board") immediately suspended Richter's medical license. However, after Richter successfully completed intensive outpatient treatment, the Board allowed him to resume his practice, albeit under probationary terms contained in a consent agreement.
 {¶ 3} Richter returned to the hospital, where he again diverted fentanyl for his own use, violating the law and the terms of his consent agreement. After notice and a hearing, the Board permanently revoked Richter's medical license.
 {¶ 4} Beginning in October 1997, Richter and his legal counsel sent letters to the Board requesting that it provide Richter with application forms for a new license to practice medicine. The Board refused to forward the application forms, asserting that the permanent revocation of Richter's medical license negated any legal obligation to provide Richter with an application.
 {¶ 5} On June 15, 2001, Richter filed a declaratory judgment action in the trial court, asking the court to declare that he was legally entitled to the application forms. The trial court, however, denied his request. Richter appealed that judgment to this court, and we disagreed with the trial court's ruling. Richter v. State Med. Bd.,161 Ohio App.3d 606, 2005-Ohio-2995. In reversing the trial court, we held that the applicable statutes contemplated that a physician could apply for reinstatement, even if the Board had previously revoked his medical license. Id. at ¶ 14. *Page 3 
 {¶ 6} On remand, the trial court issued a judgment entry stating that Richter was entitled to apply for a new medical license and that the Board was obligated to provide, accept, and process Richter's licensure forms. Within a month of this judgment entry, Richter moved for an award of attorney fees under R.C. 2335.39. Richter contended that R.C. 2335.39
entitled him to attorney fees because he was a prevailing party in an appeal of a judgment in a civil action to which the state was a party. The trial court referred the matter to a magistrate, who recommended that the trial court deny the motion. In an October 11, 2007 decision and entry, the trial court adopted the magistrate's recommendation. In relevant part, the trial court found that the Board had proved a substantial justification for denying Richter the application forms, as well as special circumstances that made an award of attorney fees unjust.
 {¶ 7} Richter now appeals from the October 11, 2007 decision and entry and assigns the following error:
 FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND "SPECIAL CIRCUMSTANCES" THAT PRECLUDE AN AWARD OF ATTORNEY FEES.
 {¶ 8} R.C. 2335.39(B) authorizes a party who prevails against the state in an appeal of a judgment in a civil action to seek attorney fees incurred in connection with the appeal. In allowing prevailing parties to recoup their attorney fees from the state, R.C. 2335.39(B) "protects] citizens from unjustified state action and [ ] censure[s] frivolous government action." Gilmore v. Ohio State Dental Bd.,161 Ohio App.3d 551, 2005-Ohio-2856, at ¶ 13. According to R.C. 2335.39(B)(2):
 Upon the filing of a motion under this section, the court shall review the request for the award of compensation for fees and *Page 4 
determine whether the position of the state in initiating the matter in controversy was substantially justified, whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the action or appeal that unduly and unreasonably protracted the final resolution of the matter in controversy.
 * * *
 (a) If the court determines that the state has sustained its burden of proof that its position in initiating the matter in controversy was substantially justified or that special circumstances make an award unjust, the motion shall be denied[.]
Thus, a court must deny an R.C. 2335.39 motion if the state establisheseither a substantial justification for initiating the matter in controversy or special circumstances that make an award of attorney fees unjust. Linden Med. Pharmacy, Inc. v. Ohio State Bd. of Pharmacy, Franklin App. No. 05AP-530, 2005-Ohio-6961, at ¶ 3.
 {¶ 9} In the case at bar, the trial court concluded that the Board proved both the substantial justification and the special circumstances factors. Richter, however, only assigns as error the trial court's ruling on the special circumstances factor. Because the substantial justification factor is a separate and independent basis on which to deny attorney fees, the trial court's judgment must stand regardless of the merits of Richter's assignment of error. In other words, even if we were to sustain Richter's assignment of error, we would have to affirm the trial court's judgment given the trial court's finding that the Board was substantially justified in refusing to provide Richter the application forms.
 {¶ 10} Richter contends that we should read his assignment of error to include a challenge to the trial court's ruling on the substantial justification factor. Richter argues that the trial court conflated the two factors in its analysis, so a challenge to one factor is tantamount to a challenge to the other. While the trial court could have articulated its *Page 5 
analysis more precisely, it expressly agreed with the magistrate's finding that the Board was substantially justified in initiating the matter in controversy. Therefore, we will not expand the parameters of Richter's assignment of error beyond its plain meaning.
 {¶ 11} Accordingly, as the resolution of Richter's assignment of error could not lead to the reversal of the trial court's judgment, we find that it is moot. Because Richter has failed to prove that the trial court erred, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER, J., concurs.
FRENCH, J., concurs separately.