**In re WILLIAMS.**

[Cite as *In re Williams* (1992), 78 Ohio App.3d 556.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1027.

Decided March 5, 1992.

*Thompson, Hine & Flory, Earle Jay Maiman* and *Louis F. Solimine,* for appellant.

*Lee Fisher,* Attorney General, and *John C. Dowling,* Assistant Attorney General, for appellee.

---

PEGGY BRYANT, Judge.

Appellant, Donald R. Williams, M.D., appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for attorney fees

under R.C. 2335.39. While appellant's brief does not set forth a designated assignment of error, his argument, and presumably his assignment of error, states:

"The trial court erred in denying appellant's motion for an award of attorney's fees under Ohio Revised Code § 2335.39."

By letter dated March 12, 1987, appellee, State Medical Board of Ohio ("board"), notified appellant that his prescribing practices allegedly violated several provisions of R.C. 4731.22(B). Following a hearing before one of the board's hearing officers, the board found appellant to have violated R.C. 4731.22(B) and revoked appellant's license for a period of three years. The board stayed the revocation pending suspension for a minimum of one year, to be followed by a probationary term of not less than five years on certain terms and conditions, including a permanent suspension of appellee's ability to prescribe, administer, dispense, order, or possess controlled substances.

Appellant appealed to the common pleas court, which found the board order was not supported by reliable, substantial, and probative evidence and not in accordance with law. The board appealed to this court, which for the reasons stated in *In re Williams* (May 15, 1990), Franklin App. No. 89AP–777, unreported, 1990 WL 63027, affirmed the judgment of the Franklin County Common Pleas Court. The board appealed to the Ohio Supreme Court, which affirmed the judgment of this court. *In re Williams* (1991), 60 Ohio St.3d 85, 573 N.E.2d 638.

During the pendency of the original appeal to this court, appellant filed in the common pleas court a motion for legal fees under R.C. 2335.39, asserting that the board was not substantially justified in commencing administrative proceedings against appellant. The board filed a memorandum contra, asserting that it possessed the records of fifty-five of appellant's patients, which demonstrated that appellant was excessively prescribing Schedule II amphetamines to his patients; that it possessed actual prescriptions written by appellant and issued to patients demonstrating the same excessive prescribing of Schedule II amphetamines; and that the board's own expertise, coupled with the patient records and prescriptions, rendered the board substantially justified in commencing the proceedings against appellant. Attached to the board's memorandum contra was its original citation letter of March 12, 1987, with the dates of appellant's prescriptions to various unnamed but numbered patients, the decision of the Franklin County Common Pleas Court in another action against the board for attorney fees, and the board minutes reflecting the decision of the board to issue a citation letter to appellant.

In his reply memorandum, appellant contended that the board did not possess his patients' records at the time it commenced the proceeding and that

it obtained the records only after the citation letter had been issued. Noting that the board bears the burden of proving substantial justification for commencing an action against him, appellant asserted that the board had failed to carry its burden and he was entitled to attorney fees.

Following the Ohio Supreme Court's decision, appellant requested a hearing on his motion for legal fees, which was set for August 1, 1991. On August 12, 1991, the trial court issued a decision denying appellant's request. In so doing, the court noted that the board simply followed the law of *Arlen v. State* (1980), 61 Ohio St.2d 168, 15 O.O.3d 190, 399 N.E.2d 1251, in maintaining its action against appellant, and that, given the split of opinion in appellant's case in the Ohio Supreme Court, the court could not find that the board lacked substantial justification for its action, as the Supreme Court's opinion appeared to modify the existing law of *Arlen.*

Appellant appeals, contending that the trial court erred in failing to award attorney fees under R.C. 2335.39, as the record reveals no substantial justification for the board's initiating action against him.

R.C. 2335.39(B) provides that appellant may recover attorney fees if (1) he prevails, (2) he is financially eligible, and (3) the state's position in initiating the matter in controversy was not substantially justified. As appellant asserted in the trial court, the state bears the burden of showing that its position was justified. Herein, no dispute exists that appellant prevailed and that he is financially eligible; hence, the sole issue is whether the board's action against appellant was substantially justified.

As this court explained in *Boyle v. Ohio State Med. Bd.* (Aug. 7, 1990), Franklin App. No. 89AP–1186, unreported, 1990 WL 113575, the state's failure to prevail on the merits does not establish a presumption that its position was not substantially justified. Rather, "a position may be justified even though it is not correct if there is a genuine pretrial dispute concerning the propriety of the state's action from the facts of the case or the law applicable thereto. * * * If a reasonable person, knowledgeable in the area of law, believes that the state's position is correct, then the substantially justified standard has been met." *Id.* at 4. Hence, if the "board's actions were supported by an articulated rationale that a reasonable person, being fully aware of the situation, could find substantially justified," then the board is substantially justified in bringing the administrative action. Finally, in reviewing the action of the trial court, we modify that order only if we find that the failure to grant an award involved an abuse of discretion. R.C. 2335.39(B)(2)(b).

Applying those parameters herein, we examine the record for evidence that the board was substantially justified in its belief that appellant violated the

minimum standards of care in his prescribing amphetamines as outlined in the citation letter issued to him.

During the trial, the board presented no expert evidence; rather, the board presented appellant's testimony as on cross-examination, as well as the patient records of approximately fifty of appellant's patients, which paralleled the prescription data contained in the board's March 12, 1987 citation letter to appellant; and it also presented an excerpt from the 1979 Physician's Desk Reference regarding Biphetamine, an excerpt from the 1979 Physician's Desk Reference regarding Obetrol, and an excerpt from Facts and Comparisons regarding amphetamines. By contrast, appellant presented not only his own testimony, but that of Eljorn Don Nelson, a doctor of pharmacology, and that of John P. Morgan, M.D. Those two doctors testified to a "majority" view and a "minority" view regarding the prescription of amphetamines for purposes of weight control. As we noted in our earlier opinion, according to their testimony, the "majority" view holds that amphetamines and Schedule II controlled substances in general should not be prescribed for more than short periods of four to six weeks in efforts to control weight. On the other hand, the "minority" view believes that the prescription of amphetamines for weight control may properly extend over long periods of time. While neither of appellant's experts themselves subscribed to the "minority" view, both acknowledged it as a viable theory for weight control. As a result, both experts testified that appellant had not deviated from minimal standards of medical care in his prescribing Schedule II substances for weight control. As we concluded in an earlier opinion, with that testimony and the lack of testimony from board witnesses, the hearing records contain no evidence suggesting appellant violated the appropriate standard of care; and, hence, the record contains no evidence that the board was substantially justified in initiating administrative proceedings against appellant.

Further, in examining the board minutes recording the board's decision to take administrative action against appellant, we note that the proposed citation letter was presented to the board for consideration. One of the doctors on the board inquired if the board would expose itself to potential difficulty in charging a physician for over-prescribing amphetamines when the acts were committed prior to the board's establishing the controlled substances rule. Another board member, a non-physician, responded that the board "has frequently cited physicians if it felt their prescribing practices were in violation of the statutes. He stated that Dr. Williams' prescribing appears to be excessive." With that, the board approved issuing the citation letter to appellant.

While the foregoing minutes suggest that the board believed appellant to be violating R.C. 4731.22(B), as set forth in the citation letter, the minutes reveal

nothing of the basis for that belief. Indeed, the prescriptions themselves, as outlined in the citation letter, do not render the board's belief substantially justified without some indication that the prescribing practices outlined therein deviate from minimum standards of medical care.

On appellant's filing a motion for attorney fees, the board argued that its failure to produce evidence at trial was due to its belief that, under *Arlen, supra,* it need not produce expert testimony to support the charges contained in the citation letter. However, even if that be true, at the time the trial court considered appellant's motion for attorney fees, the board understood its responsibilities under the Supreme Court's opinion herein. At that time, the board had the opportunity to present the trial court with some basis, expert or otherwise, for concluding that the citation letter was substantially justified. Again, however, the board presented the trial court with nothing to suggest that appellant's prescribing amphetamines as described in the citation letter deviated from the minimum standards of medical care.

We note that appellant, not the board, requested a hearing on his motion for attorney fees. However, the trial court's decision on that motion does not reflect that a hearing occurred; and, indeed, both counsel indicate that opportunity for evidence was neither afforded to nor requested by the board. Hence, the board suggests that, in the event this court fails to find substantial justification for the administrative proceedings against appellant in the record as it now stands, this matter should be remanded to the trial court for further hearing. However, the board failed to suggest in its brief or during oral argument any basis for an evidentiary hearing: it has failed to indicate what evidence it could possibly present at such a hearing. In the absence of some evidence suggesting the board was prejudiced by failure of the trial court to conduct a hearing, then we are unable to conclude that a remand for a hearing is appropriate.

In the final analysis, the record, including the board's response to appellant's motion for attorney fees, contains nothing supporting the board's contention that it was substantially justified in believing that appellant had deviated from the minimum standards of care in prescribing amphetamines as described in the board's citation letter. The board having failed to carry its burden of proof in that respect, the trial court abused its discretion in failing to award attorney fees to appellant. As a result, we sustain appellant's single assignment of error and remand this matter to the trial court for calculation of attorney fees.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG, P.J., and WHITESIDE, J., concur.