OPINION
{¶ 1} This appeal is taken from a final judgment of the Trumbull County Court of Common Pleas awarding appellee, Warren's Eastside Auto Sales, a.k.a. Cool Breeze Auto Sales, attorney fees and costs. For the reasons that follow, we reverse the judgment of the common pleas court and enter judgment in favor of appellant, the Ohio Department of Public Safety, Motor Vehicle Dealer's Board ("the board").
 {¶ 2} Appellee is a used car dealership located in Warren, Ohio. On August 10, 1995, the board issued a written notice to William Mazza ("Mazza"), appellee's owner, informing him that after conducting an investigation the board had learned that on March 15, 1995, he pleaded no contest to and was found guilty of three counts of selling a motor vehicle without a title in violation of R.C. 4505.18(B). The board advised Mazza that these convictions may constitute violations of R.C. Chapter 4517 and that he could request a formal adjudication hearing to determine whether appellee's motor vehicle dealer's license should be suspended or revoked.
 {¶ 3} Appellee requested a hearing, which the board conducted on June 20, 1996. Among the evidence presented by the parties were certified copies of Mazza's convictions in the Warren Municipal Court, and a copy of the January 1, 1996 application to renew appellee's license in which Mazza denied ever pleading "guilty to a felony or fraudulent act since [appellee's] license was first issued or last reviewed[,]" and ever being "convicted of a penal provision of any statute relating to the sale of motor vehicles[.]" Although Mazza did not appear, he was represented by counsel who attempted to introduce an affidavit from his client explaining why he had pleaded no contest to the charges. The board, however, declined to admit the affidavit into evidence.
 {¶ 4} The board issued a decision on July 15, 1996, revoking appellee's license. As part of its decision, the board made the following findings of fact.
 {¶ 5} "1. Respondent is currently licensed as a motor vehicle dealer in the state of Ohio.
 {¶ 6} "2. On or about March 15, 1995, in the Warren Municipal Court, William J. Mazza, dba Cool Breeze Auto Sales, pleaded no contest to and was found guilty of three counts of Sale of a Motor Vehicle Without a Title, in violation of Ohio Revised Code Section 4505.18(B).
 {¶ 7} "3. On the 1996 renewal application for dealer's license, William Mazza answered `No' to the questions `Has the applicant, individually or as owner, partner, officer, or director of a business entity ever been convicted of or pleaded guilty to a felony or fraudulent act since the license was first issued or last renewed?' and `Has the applicant ever been convicted of a penal provision of any statute relating to the sale of motor vehicles?'
 {¶ 8} "4. At the hearing, [appellee's attorney] stated on behalf of his client, that the convictions resulted from the delay by the Trumbull County Clerk of Courts to process titles."
 {¶ 9} Following this decision, appellee filed an administrative appeal with the Trumbull County Court of Common Pleas. On December 14, 2001, the common pleas court reversed the board's decision revoking appellee's license. The board did not pursue an appeal of this judgment.
 {¶ 10} On January 30, 2002, appellee filed a motion with the common pleas court seeking attorney fees and costs pursuant to R.C. 119.12
and 2335.39. In an order dated July 11, 2002, the common pleas court granted appellee's motion, concluding that appellee was a prevailing eligible party and that the board was not substantially justified in bringing the action against the dealership. Specifically, the court found that: (1) Mazza's three convictions were for misdemeanors and not felonies; (2) Mazza had not pleaded guilty nor was he convicted of a fraudulent act; (3) Mazza did not misrepresent any of his answers on his application to renew appellee's license; and (4) the board refused to admit evidence of Mazza's defense during the hearing.
 {¶ 11} From this judgment, appellant filed a timely notice of appeal with this court. Under its sole assignment of error, the board first argues that the common pleas court abused its discretion in finding that it was not substantially justified in initiating the matter in controversy. We agree.
 {¶ 12} "Pursuant to R.C. 2335.39, the state must pay attorney fees if (1) the state was not substantially justified in initiating the matter in controversy, (2) there are no special circumstances that make the award unjust, (3) the moving party is not the state but is a party to the legal action at issue, and (4) the moving party prevailed in the legal action." State ex rel. R.T.G., Inc. v. Ohio, 98 Ohio St.3d 1,2002-Ohio-6716, at ¶ 63. An award of attorney fees, however, is not automatic. Instead, "[t]he intent of the attorney fees section of the statute is to censure frivolous government action which coerces a party to resort to the courts to protect his or her rights." Malik v. StateMed. Bd. (Sept. 28, 1989), 10th Dist. No. 88AP-741, 1989 Ohio App. LEXIS 3770, at 7.
 {¶ 13} Because "[t]he statute was not intended to provide a means for a reviewing court to usurp the sound discretion of an agency[,]" the state's failure to prevail on the merits does not establish a presumption that its actions were not substantially justified. Id. at 7-8. Rather, "`a position may be justified even though it is not correct if there is a genuine pretrial dispute concerning the propriety of the state's action from the facts of the case or the law applicable thereto. *** If a reasonable person, knowledgeable in the area of law, believes that the state's position is correct, then the substantially justified standard has been met.'" In re Williams (1992), 78 Ohio App.3d 556, 558, quotingBoyle v. Ohio State Med. Bd. (Aug. 7, 1990), 10th App. No. 89AP-1186, 1990 WL 113575, at 4.
 {¶ 14} Accordingly, if the board's decision to revoke appellee's license was supported by an articulated rationale that a reasonable person could find to be substantially justified, the board was substantially justified in bringing the administrative action. In reWilliams at 558. This then limits the common pleas court, when determining whether a party is entitled to attorney fees under R.C.2335.39, to a review of "the information the Board had in its possession and the investigation the Board conducted at the time the action wasinitiated ***." (Emphasis added.) Harrison v. Ohio Veterinary Med.Licensing Bd., 10th App. No. 02AP-955, 2003-Ohio-3816, at ¶ 11.
 {¶ 15} "The state has the burden of proving that its position in initiating the matter in controversy was substantially justified."R.T.G. at ¶ 69. See, also, R.C. 2335.39(B)(2). A common pleas court ordering the payment of attorney fees and costs will not be reversed absent an abuse of discretion. In re Williams at 558. An abuse of discretion connotes more than a mere error of law; rather, it implies that the court's attitude was unreasonable, arbitrary, or capricious.Malone v. Courtyard by Marriott L.P., 74 Ohio St.3d 440, 448,1996-Ohio-311.
 {¶ 16} Here, the documents in the record show that prior to the administrative hearing, the board had in its possession evidence that Mazza not only violated R.C. 4517.12(A)(1), but that he had also been convicted of three crimes involving the sale of motor vehicles. However, the common pleas court, in reversing the board's decision, focused on the fact that the Warren Municipal Court later vacated Mazza's convictions, that the crimes were not felonies or fraudulent acts, and that the board had refused to admit Mazza's affidavit into evidence during the hearing. These are the same findings that the court relied upon when it concluded that the board was not substantially justified in initiating the matter in controversy and awarded appellee attorney fees and costs.
 {¶ 17} R.C. 4517.33 authorizes the board to suspend or revoke "*** any dealer's *** license, if any ground existed upon which the licensemight have been refused, or if a ground exists that would be cause for refusal to issue a license. "The board may suspend or revoke any license if the licensee has in any manner violated the rules issued pursuant tosections 4517.01 to 4517.65 of the Revised Code, or has violated section4501.02 of the Revised Code, or has been convicted of committing a felonyor violating any law that in any way relates to the selling, taxing,licensing, or regulation of sales of motor vehicles." (Emphasis added.) Moreover, R.C. 4517.12(A)(1) provides that "[t]he registrar of motor vehicles shall deny the application of any person for a license as a motor vehicle dealer *** and refuse to issue the license if the registrarfinds that the applicant *** [h]as made any false statement of a materialfact in the application[.]" (Emphasis added.)
 {¶ 18} The board initiated the action on August 10, 1995, when it notified Mazza of the charges against appellee. On July 15, 1996, the board revoked appellee's license. Mazza then failed to take any action with respect to his convictions for nearly twelve months after the revocation of appellee's license. He did not do so until the case was before the common pleas court on appeal. Simply because the Warren Municipal Court vacated Mazza's convictions in July 1997 does not supercede the fact that they existed at the time the board initially acted.
 {¶ 19} Furthermore, regardless of whether Mazza's convictions were felonies or constituted fraudulent acts, he was still dishonest when he completed his application to renew appellee's license. R.C. 4517.33 is not limited to felony convictions and includes a violation of any law relating to the sale of a motor vehicle. Accordingly, a violation of R.C. 4505.18, which prohibits the sale of a motor vehicle without a title, would obviously justify the suspension or revocation of a dealer's license. Also, as we noted above, R.C. 4517.12(A)(1) authorizes the registrar of motor vehicles to deny the application of any person who "[h]as made a false statement of material fact[.]" Therefore, when Mazza stated in his application that he had never "been convicted of a penal provision of any statute relating to the sale of motor vehicles[,]" he was misrepresenting a material fact.
 {¶ 20} Finally, the question of whether the board should have admitted Mazza's affidavit into evidence, while possibly relevant to the merits of appellee's administrative appeal, ultimately had nothing to do with whether the board was substantially justified in creating the matter in controversy. When considering appellee's motion for attorney fees and costs, the common pleas court was limited to the investigation, evidence, and information the board had in its possession at the time itinitiated the charges. Such evidence does not include anything introduced during or after the hearing. Harrison at ¶ 11.
 {¶ 21} Although the board did not prevail on the merits of appellee's administrative appeal, the record shows that the board was substantially justified in beginning the process that led to the revocation of appellee's license. Accordingly, because the common pleas court considered the entire record and not just the information and evidence available to the board prior to the hearing, the court abused its discretion in awarding appellee attorney fees and costs. Having found the board's actions to be substantially justified, any discussion with respect to the remaining arguments in this assignment would be moot.[1]
 {¶ 22} The board's sole assignment of error has merit. The judgment of the common pleas court is reversed, and judgment is entered in favor of the board.
DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.
[1] Although this court previously concluded that the phrase "matter in controversy" refers to the subject matter of the litigation rather than the original action taken by a state agency, Knight v. Trumbull Cty. Bd.of Elections (1989), 65 Ohio App.3d 317, 321, the Supreme Court of Ohio has since held that R.C. 2335.39(B)(2) permits fees "where the state initiates either the conduct that gave rise to the litigation or initiates the litigation caused by the controversy." (Emphasis sic.)R.T.G. at ¶ 67.