OPINION
{¶ 1} Appellant/cross-appellee, Linden Medical Pharmacy, Inc. ("Linden"), and appellee/cross-appellant, Ohio State Board of Pharmacy ("Board"), appeal from the judgment of the Franklin County Court of Common Pleas denying Linden's motion for attorney fees. Because we find no reversible error in the trial court's finding of special circumstances that render an award of attorney fees unjust, we affirm.
 {¶ 2} This is the fourth appeal to this court arising out of the underlying action, the facts and procedural history of which are thoroughly set forth in the most recent appeal. See LindenMed. Pharmacy, Inc. v. Ohio State Bd. of Pharmacy, Franklin App. No. 02AP-1234, 2003-Ohio-6657 ("Linden III"). Therefore, we reiterate only a brief outline of that history here. On October 9, 1998, the Board sent Linden a notice of opportunity, setting forth five charges against Linden, a licensed terminal distributor of dangerous drugs. The Board based its charges on an inspection of Linden, which revealed over 80,000 units of drugs missing from the pharmacy. After a hearing, and based on the hearing examiner's finding that evidence supported each charge in the notice of opportunity, the Board revoked Linden's terminal distributor license. On appeal to the court of common pleas, pursuant to R.C. 119.12, and to this court, Linden obtained reversal of the first three charges in the notice of opportunity. In Linden Med. Pharmacy, Inc. v. Ohio State Bd. of Pharmacy
(May 8, 2001), Franklin App. No. 00AP6-41 ("Linden I"), we ordered the court of common pleas to remand the matter to the Board for imposition of an appropriate penalty based only upon the two charges surviving appeal. Thereafter, the Board again revoked Linden's license. We affirmed the Board's second revocation of Linden's license in Linden Med. Pharmacy, Inc. v.Ohio State Bd. of Pharmacy, Franklin App. No. 02AP-1233,2003-Ohio-6650 ("Linden II").
 {¶ 3} Both Linden III and this appeal stem from the trial court's denial of Linden's motion for attorney fees, pursuant to R.C. 119.12 and 2335.39. Under R.C. 119.12, a trial "court shall award compensation for fees in accordance with section 2335.39 of the Revised Code to a prevailing party, other than an agency, in an appeal filed pursuant to this section." R.C. 2335.39(B)(1) provides, in pertinent part, that "[e]xcept as provided in divisions (B)(2) and (F) of this section * * * the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal." After a party files a motion for attorney fees pursuant to R.C. 2335.39(B)(1):
* * * [T]he court shall review the request for the award of compensation for fees and determine whether the position of the state in initiating the matter in controversy was substantially justified, whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the action or appeal that unduly and unreasonably protracted the final resolution of the matter in controversy. * * *
* * * [T]he state has the burden of proving that its position in initiating the matter in controversy was substantially justified [or] that special circumstances make an award unjust * * *.
R.C. 2335.39(B)(2). If the court determines that the state has sustained its burden of proving that its position in initiating the underlying matter was substantially justified or that special circumstances otherwise make an award of fees unjust, the court must deny the motion for attorney fees. R.C. 2335.39(B)(2)(a).
 {¶ 4} In Linden III, we determined that Linden is a prevailing eligible party under R.C. 2335.39(B)(1) and remanded this matter to the trial court for a factual inquiry into whether the Board could sustain its burden of proving that it was substantially justified in initiating the underlying matter and/or that special circumstances make an award of attorney fees unjust. After an evidentiary hearing and pre- and post-hearing briefing, the trial court determined that the Board was not substantially justified in initiating the three charges on which Linden succeeded on appeal. The court based its substantial justification ruling on this court's rejection of the Board's statutory interpretation that a theft of drugs qualifies as a "sale" under the relevant statutes. Despite its finding that the Board was not substantially justified in initiating the underlying charges, the trial court found that special circumstances made an award of attorney fees unjust. Therefore, the court denied Linden's motion for attorney fees, and this appeal ensued.
 {¶ 5} On appeal, Linden assigns the following as error:
ASSIGNMENT OF ERROR NO. I
The trial court erred by denying Linden's motion for attorneys fees pursuant to R.C. 119.12 and 2335.39.
ASSIGNMENT OF ERROR NO. 2
The trial court erred by granting the Board's motion for leave to file an untimely, amended post-hearing brief and by denying Linden's motion to strike the Board's amended post-hearing brief, which raised issues and contained arguments previously waived by the Board.
Upon the condition that this court sustains Linden's assignments of error, the Board cross-appeals and asserts the following assignments of error:
1. The lower court erred when it held that no reasonable person could conclude that the act of theft could also involve a transfer and therefore a sale as defined in R.C. 3719.01.
2. The lower court erred in finding that the Board had to identify the persons involved in the theft by way of transfer.
3. The lower court erred in finding that no reasonable person could impute knowledge to Linden.
 {¶ 6} Appellate courts review a trial court's ruling on a motion for attorney fees for abuse of discretion. R.C.2335.39(B)(2); In re Williams (1992), 78 Ohio App.3d 556, 558. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157. To merit reversal, the judgment appealed from must be "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984), 15 Ohio St.3d 164, 222.
 {¶ 7} We first address Linden's second assignment of error, in which Linden argues that the trial court erred by granting the Board's motion for leave to file an amended post-hearing brief. In its amended post-hearing brief, the Board argues both that it was substantially justified in initiating the underlying charges against Linden and that special circumstances render an award of attorney fees unjust. In its motion for leave to file an amended post-hearing brief to address special circumstances, the Board argued that its position on the issue — that the ultimate revocation of Linden's license is a special circumstance mitigating against an award of attorney fees — was a matter of record and did not require an additional hearing. Linden opposed the Board's motion for leave, arguing that the Board had waived its argument regarding special circumstances, and moved to strike the Board's amended post-hearing brief.
 {¶ 8} On appeal, Linden reiterates its argument that the Board waived any argument relating to special circumstances and points to the Board's failure to mention special circumstances in its motion to bifurcate the hearing on attorney fees, pre-hearing bench brief, arguments at the hearing or initial post-hearing brief. When considering the Board's motion for leave and Linden's motion to strike, the trial court noted that this court remanded the matter for a factual inquiry into both substantial justification and special circumstances. The trial court concluded that Linden "failed to show that [the Board] waived, let alone `expressly waive[d],' the `special circumstances' argument by not raising the issue earlier" and "failed to show that it will be unfairly prejudiced if [the Board] is permitted to file its amended brief, especially in light of the filing of [Linden's] post-hearing brief after [the Board] filed both its original and amended post-hearing briefs." Therefore, the trial court granted the Board's motion for leave to file its amended post-hearing brief and denied Linden's motion to strike.
 {¶ 9} "A waiver is a voluntary relinquishment of a known right, with the intent to do so with full knowledge of all the facts." N. Olmsted v. Eliza Jennings, Inc. (1993),91 Ohio App.3d 173, 180. "A party may voluntarily relinquish a known right through words or by conduct." Id. However, silence does not amount to waiver where a party is not under a duty to speak. Id. Where, under the circumstances, silence is susceptible of more than one interpretation, a court will not infer waiver.Allenbaugh v. City of Canton (1940), 137 Ohio St. 128, 133. The party asserting waiver must prove the waiver by showing a clear, unequivocal, decisive act by the other party demonstrating the other party's intent to waive. N. Olmsted at 180, citing WhiteCo. v. Canton Transp. Co. (1936), 131 Ohio St. 190, 198-199.
 {¶ 10} The record contains no express waiver of the Board's right to argue that special circumstances render an award of attorney fees unjust. Neither does the record establish a clear, unequivocal act by the Board, which demonstrates an intent to waive. On remand, the Board filed a motion to bifurcate the hearing on Linden's motion for attorney fees, which Linden did not oppose. The Board requested that the court limit the scheduled hearing to the issue of whether the Board was substantially justified in initiating the underlying charges against Linden. The Board reasoned that, "should [the court] determine that the Board was substantially justified, there is no need for the parties or the Court to expend further time or resources on this matter, including inquiries into and testimony on the reasonableness and relevancy of the attorney fees."
 {¶ 11} Linden argues that the Board's failure to address special circumstances in its motion to bifurcate indicates an intent to waive that issue. We disagree. In addition to rendering unnecessary inquiries into the reasonableness and relevancy of attorney fees, a finding of substantial justification would likewise render unnecessary inquiry into the existence of special circumstances. A finding of substantial justification requires denial of a motion for attorney fees. Thus, there is no inconsistency between the Board's motion to bifurcate and an intention to later pursue the issue of special circumstances if necessary. In its entry granting the Board's motion to bifurcate, the trial court stated that, upon a finding that the Board was not substantially justified, it would schedule another hearing to determine the amount of attorney fees to be awarded. Despite Linden's argument to the contrary, we find no inconsistency between the court's entry and the Board's intention of later pursuing a special circumstances argument.
 {¶ 12} Linden next argues that the Board's pre-hearing bench brief, arguments at the hearing, and initial post-hearing brief indicate the Board's intent to waive the special circumstances issue. The absence of discussion regarding special circumstances in the Board's pre-hearing bench brief, at the hearing, and in its initial post-hearing brief is not indicative of the Board's intent to waive the issue. After the court granted the Board's motion to bifurcate and limited the hearing to the issue of substantial justification, the Board accordingly focused its briefs and its arguments solely on that issue. The lack of argument regarding special circumstances after the court limited the hearing to the issue of substantial justification cannot be construed as a waiver. Upon review, we find that Linden has not met its burden of showing a clear, unequivocal, decisive act by the Board demonstrating the Board's intent to waive the issue of special circumstances if the court concluded that the Board lacked substantial justification to bring its charges against Linden.
 {¶ 13} Beyond failing to establish waiver, Linden also fails to demonstrate that it suffered prejudice from the trial court's consideration of the special circumstances issue. At oral argument, Linden conceded that it was not denied an opportunity to respond to the Board's special circumstances arguments and that it would not have presented any additional evidence at the hearing to oppose the Board's arguments. Linden responded to the Board's special circumstances arguments in its post-hearing brief, arguing that the Board failed to specify any reasons that would rise to the level of special circumstances. Linden further argued against the existence of special circumstances in its motion for reconsideration, filed February 28, 2005, which the trial court denied on March 30, 2005. In its motion for reconsideration, Linden argued that this court rejected the second revocation as a basis for denying its motion for attorney fees and that denial of its motion contravenes both the principle that a party may qualify as a "prevailing party" without achieving a complete victory and the purpose of R.C. 2335.39. Having had the opportunity to fully respond to the Board's arguments regarding special circumstances, we conclude that Linden was not prejudiced by the trial court allowing the Board to file its amended post-hearing brief. Therefore, we overrule Linden's second assignment of error.
 {¶ 14} We now turn to Linden's first assignment of error, in which Linden asserts that the trial court committed reversible error by denying its motion for attorney fees, based on a finding of special circumstances. After considering the evidence in the record and the evidence presented at the hearing on Linden's motion for attorney fees, the trial court concluded:
* * * [A] sufficient basis for revoking Linden's license was found. Both the Court of Appeals and the trial court articulated facts to support a conclusion that a pattern of negligence existed for which Linden (the registrant) was [at] least partially responsible. Based on the foregoing, it is this Court's conclusion that the State has satisfied its burden of proof that an award of attorney fees would be unjust.
The trial court noted evidence that Linden could not account for more than 80,000 missing doses of controlled substances and cited Linden I, in which this court discussed evidence that Linden's responsible pharmacist slept much of the time he was on duty, that pharmacy technicians dispensed drugs and counseled patients, and that packers had unsupervised access to controlled substances. The trial court also noted our affirmation of the second revocation of Linden's license based on Linden's failure to provide effective safeguards to prevent drug theft and failure to possess a current copy of federal and state drug laws. The court also emphasized our prior rejection of Linden's claim that it was not responsible for the acts of its pharmacist and employees. Based on the second revocation, the facts underlying the second revocation, and the totality of the surrounding circumstances, the trial court concluded that special circumstances existed, thus making an award of attorney fees unjust.
 {¶ 15} In its primary argument on appeal, Linden contends that, in Linden III, this court rejected the second revocation as a basis for denying its motion for attorney fees. In LindenIII, we reviewed the trial court's initial denial of Linden's motion for attorney fees, based on its determination that Linden was not a "prevailing party." A "prevailing party" is a party that "prevails in an action or appeal involving the state." R.C.2335.39(A)(5). "A party who appeals an order or judgment and prevails to the extent that he obtains a new trial, or a modification of the judgment, is a `prevailing party' within the contemplation of R.C. 2335.39." Linden III at ¶ 16, quotingKorn v. Ohio State Medical Bd. (1991), 71 Ohio App.3d 483, 487. In Linden III, we concluded that Linden obtained a reversal of the most serious charges and a remand to the Board for imposition of an appropriate sanction, which constituted a substantial modification of the Board's initial order. Based on the statutory definition of "prevailing party," we further concluded that the second revocation had no bearing on Linden's success on its prior appeal and, thus, on whether Linden qualified as a "prevailing party." Accordingly, we held that Linden was a "prevailing party" because it "prevailed upon the more serious charges against it and the initial sanction against Linden was vacated[.]" LindenIII at ¶ 22.
 {¶ 16} Linden incorrectly argues that our holdings in LindenIII and Korn preclude consideration of the second revocation in relation to whether special circumstances make an award of fees unjust. In both Linden III and Korn, we addressed only the issue of a party's status as a "prevailing party," a status that does not automatically entitle a party to attorney fees. In fact, in Linden III, we overruled Linden's first assignment of error "to the extent that it assert[ed] that a `prevailing party' is entitled to attorney fees without a determination of whether the Board was `substantially justified' in initiating the matter in controversy or a determination of whether special circumstances make an award unjust." Id. at ¶ 26. The fact that the Board's ultimate revocation of Linden's license did not preclude Linden from establishing "prevailing party" status does not render the second revocation irrelevant to whether special circumstances exist. Neither Linden III nor Korn holds otherwise.
 {¶ 17} In addition to arguing that Linden III foreclosed consideration of the second revocation in relation to special circumstances, Linden also argues that, if matters already in theLinden III record constituted sufficient special circumstances to warrant a denial of attorney fees, this court would have had no reason to remand the matter. Thus, Linden concludes that, by remanding, we intended the trial court to consider other
matters that could constitute special circumstances. In LindenIII, we did not address whether special circumstances rendered an award of fees unjust because the trial court had not yet considered or decided that issue, and appellate review would therefore have been premature. We find no basis in Linden III
to preclude the trial court from considering the second revocation of Linden's license or the facts underlying the second revocation in determining whether special circumstances existed.
 {¶ 18} Linden next argues that the Board failed to meet its burden of proving special circumstances. Relying on In reWilliams, in which we reversed a denial of a motion for attorney fees, Linden claims that the Board could not have met its burden because it presented no evidence of special circumstances at the hearing on Linden's motion for attorney fees. In Williams at 560, we found that:
* * * [T]he record, including the board's response to appellant's motion for attorney fees, contains nothing supporting the board's contention that it was substantially justified * * *. The board having failed to carry its burden of proof in that respect, the trial court abused its discretion in failing to award attorney fees to appellant. * * *
Although Linden argues that the Board similarly failed to carry its burden of proof, we find Williams distinguishable. Here, unlike in Williams, the Board based its arguments regarding special circumstances on evidence presented at the hearing and on evidence already part of the record. In Williams, our examination of the entire record, including evidence presented at trial, board minutes regarding the Board's decision to charge the appellant, and the Board's response to the appellant's motion for attorney fees, revealed no evidence of substantial justification. In Williams, we also noted that the Board did not request a hearing on the motion for attorney fees and failed to suggest what evidence it could have produced at such a hearing. Here, Linden did not request an additional evidentiary hearing on the issue of special circumstances and, in fact, conceded that it would not have presented any additional evidence in opposition to the Board's special circumstances arguments. Moreover, the trial court clearly based its finding of special circumstances on evidence in the record. Therefore, we do not find the Board's failure to present evidence for the express purpose of demonstrating special circumstances compels the conclusion that the Board failed to meet its burden of demonstrating special circumstances.
 {¶ 19} Determination of special circumstances under R.C.2335.39 is nearly a matter of first impression in Ohio. In what appears to be the only published Ohio case applying the special circumstances provision of R.C. 2335.39, the Hamilton County Court of Common Pleas stated that "[s]pecial circumstances under R.C. 2335.39 would only involve extraordinary situations where an exception to the general right of a prevailing party's award of attorney fees would be invoked to prevent manifest injustice."State Bd. of Pharmacy v. Weinstein (1987), 33 Ohio Misc.2d 25,28. However, because the Weinstein court cited no authority and offered no analysis in support of its statement of law, we findWeinstein to be of limited precedential value.
 {¶ 20} Given the dearth of Ohio case law regarding special circumstances under R.C. 2335.39, we look to case law interpreting special circumstances under the federal Equal Access to Justice Act ("EAJA"), Section 2412, Title 28, U.S. Code, upon which R.C. 2335.39 is based. See Boyle v. Ohio State Med. Bd.
(Aug. 7, 1990), Franklin App. No. 89AP-1186 (looking to federal EAJA case law as a guide to substantial justification under R.C.2335.39). Like R.C. 2335.39, the EAJA authorizes an award of attorney fees to a party who prevails against the government in a civil case unless the government's position was substantially justified or special circumstances make an award unjust. Section 2412(d)(1)(A), Title 28, U.S.Code.
 {¶ 21} In explaining the special circumstances exception to an award of attorney fees under the EAJA, the House Report states:
* * * [T]he Government should not be held liable where "special circumstances would make an award unjust." This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.
H.R. Rep. No. 1418, 96th Cong., 2d Sess. at 11, reprinted in 1980 U.S. Code Cong. Ad. News 4984, 4990. "The EAJA thus explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party." Oguachuba v. Immigration and NaturalizationServ. (C.A.2, 1983), 706 F.2d 93, 98. Therefore, we must determine whether the trial court abused its discretion in concluding that equitable considerations dictate that an award of attorney fees would be unjust.
 {¶ 22} The trial court based its decision denying Linden's motion for attorney fees, in part, on the fact that the Board ultimately revoked Linden's license a second time based on the two charges surviving appeal. Linden argues that, even if ourLinden III opinion did not preclude such consideration, the trial court erred in considering the second revocation and the facts underlying it because they have no bearing on Linden's success on the first three charges in the notice of opportunity.
 {¶ 23} Addressing what a court may consider when deciding a motion for attorney fees under the EAJA, the Second Circuit Court of Appeals has held that "[i]n viewing applications for [attorney fees] in the context of general equitable principles, we are not required to limit our scrutiny to a single action or claim on which the applicant succeeded but must view the application in light of all the circumstances." Oguachuba at 99; see Taylorv. United States (C.A.3, 1987), 815 F.2d 249, 253, citingOguachuba; see United States Dept. of Labor v. Rapid Robert's,Inc. (C.A.8, 1997), 130 F.3d 345, 348 (holding that the "circumstances surrounding the present case" demanded denial of attorney fees). In Oguachuba, although the petitioner prevailed on his petition for a writ of habeas corpus, challenging his detention under Immigration and Naturalization Services' custody, the court denied the petitioner's application for attorney fees due to his persistent flouting of immigration laws over the course of four years. Upon review of relevant EAJA case law, we conclude that the trial court's review was not limited to the claims upon which Linden succeeded. Rather, the trial court's consideration properly encompassed all of the circumstances surrounding the Board's charges against Linden, including the facts underlying the second revocation of Linden's license.
 {¶ 24} Linden also argues that its failure to prevail on all charges does not bar its entitlement to attorney fees under R.C.2335.39. As discussed above, we have held that a party need not obtain a complete victory to obtain "prevailing party" status under R.C. 2335.39 and, in fact, determined that Linden itself is a "prevailing party" here. See Linden III; Korn. Although Linden obtained reversals on three of the five violations on which the Board based its initial revocation of Linden's license, the two serious charges with respect to which Linden's appeals failed warranted revocation of Linden's license. While that fact is not relevant to Linden's prevailing party status and does not necessarily mandate a denial of attorney fees, that Linden obtained less than a complete victory and that the Board obtained the relief it sought is relevant to a determination of special circumstances. The trial court correctly considered the fact that Linden's partial victory on appeal did not alter the ultimate result in this case, i.e., revocation of Linden's license, when determining whether special circumstances rendered an award of fees unjust.
 {¶ 25} In Creative Elec. v. United States (N.D.N.Y. 1997), No. 95-CV-302 (memorandum opinion), citing Farrar v. Hobby
(1992), 506 U.S. 103, 114, the Northern District of New York discussed special circumstances under the EAJA and stated that, "the limited nature of [a prevailing party's] relief may affect the reasonability of the fee and/or the justification for awarding any fee at all." In Farrar, the United States Supreme Court determined that plaintiffs who won nominal damages, pursuant to Section 1983 and 1985, Title 42, U.S. Code, qualified as prevailing parties under the attorney fees provision of Section 1988, Title 42, U.S. Code, which is analogous to the EAJA. Despite its finding of prevailing party status, the Supreme Court recognized that the technical nature of a nominal damages award or any other judgment "bear[s] on the propriety of fees awarded under § 1988." Farrar at 114. After noting that the litigation accomplished little beyond giving the plaintiffs the moral satisfaction of knowing that a court concluded that their rights had been violated, the Supreme Court stated that "[i]n some circumstances, even a plaintiff who formally `prevails' under § 1988 should receive no attorney's fees at all." Id. In CreativeElec., the district court applied the principles set forth inFarrar to the EAJA, and, although the court ultimately concluded that special circumstances did not exist, the principles set forth therein offer guidance in this case.
 {¶ 26} Where, as here, the government ultimately obtains the complete relief it sought, that fact weighs against an award of attorney fees. In Herman v. Jackson County Hosp., Inc.
(M.D.Tenn. 1998), No. 2-96-0033, 22 Employee Benefits Cas. (BNA) 1929, affirmed United States Dept. of Labor v. Jackson CountyHosp., Inc. (C.A.6, 2000), No. 98-6664, 24 Employee Benefits Cas. (BNA) 1737, the district court adopted and approved a magistrate's report and recommendation denying motions for attorney fees under the EAJA. The magistrate concluded that, in a suit brought by the Secretary of Labor, defendants were prevailing parties where they secured a dismissal of the Secretary's claims with no relief awarded against them. Hermanv. Jackson County Hosp., Inc. (M.D.Tenn. 1998), No. 2:96-0033. Nevertheless, the magistrate held that, because the Secretary obtained the complete monetary recovery she sought, special circumstances existed, thus rendering unjust a requirement that the Secretary pay the defense attorney fees. Id. The Sixth Circuit held that the district court's finding of special circumstances provided a basis for affirming the denial of the motions for attorney fees.
 {¶ 27} Similarly, courts have found special circumstances where the movant expended the requested fees without achieving any appreciable advantage. See McKay v. Barnhart (S.D.N.Y. 2004), 327 F.Supp.2d 263 (special circumstances existed where plaintiff unreasonably rejected the government's offer to remand when remand was the court's ultimate remedy); United States v.27.09 Acres of Land (C.A.2, 1994), 43 F.3d 769, 773 (when balancing the equities under the special circumstances provision of the EAJA, a court may consider whether the fees sought were expended on efforts that achieved no appreciable advantage). In this case, Linden's appellate success on the drug trafficking and record-keeping violations had no effect on the ultimate penalty levied against it — revocation of its terminal distributor license. Thus, the Board obtained the complete relief it sought. The trial court correctly took such considerations into account when reviewing the circumstances surrounding the Board's charges against Linden to determine whether special circumstances render an award of fees unjust.
 {¶ 28} Lastly, Linden argues that the trial court's denial of its motion for attorney fees contravenes the purpose of R.C.2335.39 by rewarding the Board for overcharging Linden. To the contrary, the Board argues that requiring it to pay Linden's fees would contravene the purpose of R.C. 2335.39 when it ultimately succeeded in revoking Linden's license. "The intent of the attorney-fees subsection of R.C. 2335.39 is to protect citizens from unjustified state action and to censure frivolous government action." Gilmore v. Ohio State Dental Bd., 161 Ohio App.3d 551,2005-Ohio-2856, at ¶ 13, citing State ex rel. R.T.G., Inc. v.State, 98 Ohio St.3d 1, 2002-Ohio-6716, and Malik v. State Med.Bd. (Sept. 28, 1989), Franklin App. No. 88AP-741. The trial court correctly stated the purpose of R.C. 2335.39 in the first paragraph of its decision denying Linden's motion for attorney fees.
 {¶ 29} Linden asserts that the court failed to consider the purpose of R.C. 2335.39 to punish and deter conduct such as the "Board's blatant attempt to extort higher fines from Linden[.]" According to Linden, the Board's sole motive for bringing the trafficking and record-keeping charges was to hold Linden's license hostage in order to extort higher fines. Linden points to an interoffice communication to Legal Affairs Administrator, David L. Rowland, from Board Compliance Agent, Christopher K. Reed, who conducted the Board's investigation of Linden. In his interoffice communication, Mr. Reed explains his rationale for separating the counts against Linden:
I asked for five separate counts of trafficking in drugs for two reasons: first, there are two different levels of felonies involved; secondly, when it comes time to discuss a settlement agreement one of the primary issues is the potential fine amount for the offenses that were committed.
Mr. Reed's explanation for separating the counts against Linden does not demonstrate that the Board acted in bad faith in bringing its charges against Linden or in separating those charges in the Notice of Opportunity. The trial court heard Mr. Reed's testimony at the hearing on Linden's motion for attorney fees, including his testimony regarding the interoffice communication, which was submitted to the trial court as an exhibit. The interoffice communication provides no evidence of the Board's motives for initiating charges against Linden and, instead, merely speaks to the Board's separation of the alleged trafficking violations. We find no abuse of discretion in the court's rejection of Linden's argument that Mr. Reed's testimony demonstrates improper motives by the Board. That the Board could potentially recover a higher settlement amount from Linden by charging the alleged drug offenses separately does not lead to the conclusion that the Board acted out of extortionist or otherwise inequitable motives. Nor does it support a need to censure the Board for its action. Thus, although some courts have considered inequitable conduct by the government as weighing against a finding of special circumstances, see Branstad v.Veneman (N.D.Iowa 2004), No. C 00-3072M-WB, we find no competent evidence that the Board acted inequitably in bringing the underlying charges against Linden.
 {¶ 30} Linden also argues that the Board's patently false allegations of drug trafficking, despite the absence of any evidence connecting Linden to an alleged "sale" of the missing drugs, demonstrate the Board's bad faith. Although we previously rejected the statutory interpretation upon which the Board based its trafficking and record-keeping charges against Linden, the evidence demonstrates that the Board routinely charged cases of theft by an unidentified person in accordance with that interpretation and that no Ohio court had ever held to the contrary. The fact that this court subsequently rejected its interpretation does not require the conclusion that the Board acted frivolously or in bad faith. Moreover, the House Report that accompanied the EAJA expressly states that one of the purposes of the special circumstances exception to an award of attorney fees is to protect the government's advancement of novel extensions of the law. See American Air Parcel Forwarding Co. vUnited States (1988), 12 C.I.T. 850, 697 F.Supp. 505, 507 ("[t]o award attorneys' fees in [a case of first impression] could have a chilling effect * * * [and] diminish vigorous defense by the government in such cases of first impression"). Although Linden argues that any consideration of novelty of the Board's interpretation falls within the ambit of substantial justification rather than special circumstances, Congress recognized the appropriateness of such consideration as a special circumstance after a finding that the government's position was not substantially justified.
 {¶ 31} The trial court correctly set forth the purpose of R.C. 2335.39 in its decision and considered that purpose, together with principles of equity and all of the surrounding circumstances, when deciding whether special circumstances made an award of attorney fees unjust. In its decision denying Linden's motion for reconsideration, the trial court stated that it had considered the impact of a decision granting or denying Linden's motion for attorney fees and concluded that a denial of Linden's motion for attorney fees best served public policy. Upon review, we find that the trial court did not abuse its discretion in so concluding.
 {¶ 32} The trial court appropriately examined the totality of the circumstances, including the underlying facts and the Board's second revocation of Linden's license based on the surviving charges, and based its denial of Linden's motion for attorney fees on general principles of equity. The trial court considered the fact that Linden was unable to account for more than 80,000 doses of controlled substances, a fact that formed the underlying basis for four of the Board's five charges against Linden, including one of the two charges upon which the Board based its second revocation. The trial court also emphasized and rejected Linden's attempts to avoid responsibility for the acts of its pharmacist and employees, concluding that Linden was at least partially responsible for the pattern of negligence that led to the Board's charges against Linden. Given these considerations, properly balanced against the statute's stated purpose of protecting citizens from unjustified action and to censure frivolous action, we do not find the trial court's finding of special circumstances unreasonable, arbitrary or unconscionable. Therefore, we conclude that the trial court did not abuse its discretion in denying Linden's motion for attorney fees, and we overrule Linden's first assignment of error.
 {¶ 33} Because we overrule Linden's two assignments of error, we find the Board's assignments of error in its cross-appeal to be moot. In its cross-appeal, as an alternative basis for affirming the trial court's denial of Linden's motion for attorney fees, the Board argues that it was substantially justified in initiating the underlying action against Linden. Whether or not the Board was substantially justified, our affirmation of the trial court's finding of special circumstances requires denial of Linden's motion for attorney fees. Therefore, we find the Board's cross-appeal moot, and we overrule the Board's assignments of error on that basis.
 {¶ 34} For the foregoing reasons, we overrule Linden's two assignments of error, overrule the Board's assignments of error in its cross-appeal as moot, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLAtt and Sadler, JJ., concur.